# Cassandra Grice, appearing individually, etc.

## v.

# Hungerford Mechanical Corporation, et al.

Record No. 860821

November 18, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and Gordon, Retired Justice

*Janipher W. Robinson (Julian W. Johnson*, on briefs), for appellant.
*Frederick W. Beck, III; Philip B. Morris (Francis E. Telegadas; Rufus G. Coldwell, Jr.; Roberta A. Motherway; Mays & Valentine; Browder, Russell, Morris & Butcher, P.C.*, on briefs), for appellees.

POFF, J., delivered the opinion of the Court.

As framed by the parties, the principal question presented in this appeal is whether, as the trial court ruled, an electrical panel box and its component parts are ordinary building materials rather than "equipment" within the meaning of Code § 8.01-250, a statute of repose.[1]

---

[1] **§ 8.01-250. Limitation on certain actions for damages arising out of defective or unsafe condition of improvements to real property.** — No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

The limitation prescribed in this section shall not apply to the manufacturer or supplier of any equipment or machinery or other articles installed in a structure upon real property, nor to any person in actual possession and in control of the improvement as owner, tenant or otherwise at the time the defective or unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought; rather each such action shall be brought within the time next after such injury occurs as provided in §§ 8.01-243 and 8.01-246.

The question stems from a judgment dismissing as time-barred amended motions for judgment filed by appellant Cassandra Grice, individually and as administrator of the estates of Indea H. Eggleston, her nine-year-old daughter, and El-Jamin Grice, her six-year-old son. The children had died of smoke inhalation when the family's rental home caught fire on January 25, 1984. Plaintiff alleged that the fire had been caused by malfunction of a defective electrical panel box and its components.[2] Appellees Federal Pacific, Incorporated and its subsidiary, Reliance Service, Incorporated (collectively, the manufacturer) had manufactured the box, the panel enclosure, the bus bar, the circuit breakers, and the grounding material. Appellee Hungerford Mechanical Corporation (the electrical subcontractor) had bought the box and, at separate times, its several parts from the manufacturer and, under its contract with the general contractor, had completed the assembly and installation of the unit as part of the electrical system in 1979.

The plaintiff filed the motions for judgment on January 21, 1986. In special pleas, the defendants invoked the five-year limitation in the statute of repose. The plaintiff contended that the box and its parts were "equipment or machinery or other articles installed in a structure" within the contemplation of the second paragraph of the statute and, hence, that the time limitation did not apply.

Based upon the testimony of Rudolph V. Jones, a licensed master electrician, the trial court concluded that "[t]he electrical panel box including the component materials . . . are ordinary building materials". The court sustained the defendants' special pleas and dismissed the plaintiff's motions for judgment with prejudice.

On appeal, the plaintiff urges us to borrow the definition of "equipment" contained in Code § 36-97(13)[3] and apply it to the second paragraph of Code § 8.01-250. But that definition, circular at best, limits itself to Chapter 6 of Title 36 of the Code. Nor

---

[2] As explained by the statement of facts approved by the trial court, "[t]he purpose of an electrical panel box is to receive electricity from the utility supplying it, to distribute the electricity to the various branch circuits within the residence, to protect against overloads in the main service or in the individual branch circuits and to ground the electrical system of the residence."

[3] Code § 36-97(13) provides: "As used in this Chapter . . . 'Equipment' means . . . electrical . . . equipment . . . ."

do we find the language of the National Electrical Code listing the several electrical devices denominated "Service Equipment" instructive to our inquiry.

In our view, the issue framed in this appeal is controlled by the analysis employed in our opinion in *Cape Henry* v. *Nat'l. Gypsum*, 229 Va. 596, 331 S.E.2d 476 (1985). There, owners of condominium units sued the developer for damages resulting from alleged defects in exterior wall panels. The developer named the manufacturers of the panels as third-party defendants. The manufacturers filed pleas invoking the five-year limitation fixed in Code § 8.01-250, and the trial court sustained the pleas.

On appeal, we were required to determine whether the statute "protects parties who furnish ordinary construction materials which are incorporated into an improvement to real property." *Id.* at 598, 331 S.E.2d at 477-78. Construing the statute as originally enacted (Acts 1964, c. 333), as amended (Acts 1968, c. 103; Acts 1973, c. 247), and as recodified (Acts 1977, c. 617) and reviewing a legislative committee report commenting upon a federal court decision that construed the original enactment, we held that the statute protects manufacturers of ordinary building materials. Respecting the second paragraph of the statute added by the 1973 amendment, we found that the legislature intended that the protection afforded manufacturers by the first paragraph should not extend to all manufacturers, and we explained why:

> We conclude that the General Assembly intended to perpetuate a distinction between, on one hand, those who furnish ordinary building materials, which are incorporated into construction work outside the control of their manufacturers or suppliers, at the direction of architects, designers, and contractors, and, on the other hand, those who furnish machinery or equipment. Unlike ordinary building materials, machinery and equipment are subject to close quality control at the factory and may be made subject to independent manufacturer's warranties, voidable if the equipment is not installed and used in strict compliance with the manufacturer's instructions. Materialmen in the latter category have means of protecting themselves which are not available to the former. We construe § 8.01-250 to cover the former category and to exclude the latter.

*Id.* at 602, 331 S.E.2d at 480.

According to the agreed statement of facts, the quality and quantity of the component parts of an electrical panel box and the instructions for assembling, wiring, grounding, and installing the unit during construction of a particular building "are determined by the plans and specifications provided by the architect or other design professional" and "[n]o instructions are received from the manufacturer".

Nevertheless, the plaintiff contends that the electrical panel box is excluded from statutory protection because, she says, it "falls within the phrase 'or other articles' " as used in the exclusionary paragraph. The plaintiff overlooks our ruling against a similar argument advanced in *Cape Henry*. Invoking the doctrines of *ejusdem generis* and *noscitur a sociis*, we held that "the general words 'or any other articles' add no new or further categories to those excluded from the operation of the statute". *Id.* at 603, 331 S.E.2d at 481.

Considering the distinctions drawn and the principles applied in *Cape Henry*, we will affirm the trial court's judgment that the electrical panel box and its component parts are ordinary building materials within the contemplation of Code § 8.01-250 and that the actions against the manufacturers and the electrical subcontractor are time-barred.

*Affirmed.*