EAGLES COURT CONDOMINIUM UNIT OWNERS
ASSOCIATION, ET AL.

V.

HEATILATOR, INC., ET AL.

Record No. 890052

March 2, 1990

Present: All the Justices

*Donald G. Smith (Richard E. Dixon; James R. Hart; Ward L. Thomas; Dixon & Smith*, on briefs), for appellants.

*Colin J. S. Thomas, Jr. (M. Bruce Wallinger; Bernard G. Geord, Jr.; Robert C. Wood, III; Timberlake, Smith, Thomas & Moses; Whart, Aldhizer & Weaver; Edmunds & Williams*, on brief), for appellees.

JUSTICE RUSSELL delivered the opinion of the Court.

This appeal presents the question whether a claim for damages, resulting from an allegedly defective product incorporated into the

construction of a condominium, is barred by the statute of limitations and the statute of repose. Because the case was decided upon pleas in bar and demurrers without an evidentiary hearing, we will summarize the facts as stated in the pleadings and as stipulated for the purpose of the pleas in bar.

The Eagles Court Condominium is a 42-unit complex in Nelson County. Wintergreen, a Virginia limited partnership, was the developer and original declarant of the condominium. The first unit was sold in 1975, the last unit was sold in 1976, and all construction on the project was completed by January 1977.

Heatilator, Inc., manufactured steel fireplace systems which were designed by, and components of which were supplied by, Acorn Structures, Inc. Nielson Construction Company, Inc., assembled and installed the systems and incorporated them into the construction of the units.

On October 12, 1986, a fire occurred in apartment 101, Eagles Court, which spread to apartments 102 and 103 and also damaged the common elements of the condominium complex. The alleged cause was a defect in the design and assembly of the Heatilator systems. The defect permitted embers to escape from the firebox into combustible materials. A county fire official determined that the fireplace systems were hazardous because of the lack of metal fire-stop spacers in the chases of the flues. The official imposed a ban on further use of the systems.

The Eagles Court Condominium Unit Owners Association and its Board of Directors (collectively, the plaintiffs) brought this action by a motion for judgment filed in the Circuit Court of Fairfax County on October 9, 1987. The plaintiffs alleged that the fire resulted from the negligence of Heatilator, Acorn, and Nielson in the design, manufacture, sale, and installation of the fireplace systems.[1] On motion of the defendants, the court transferred the case to the Circuit Court of Nelson County.

The defendants pleaded the statute of limitations and the statute of repose, Code § 8.01-250. After reviewing briefs, the arguments of counsel, and certain stipulations of fact, the court sustained the pleas in bar by a written opinion followed by a final order, entered October 12, 1988. We granted the plaintiffs an ap-

---

[1] The plaintiffs also joined the developer, its successors in interest, and other parties, as defendants. The plaintiffs nonsuited some defendants and the court dismissed others. The court sustained demurrers filed by the developers and sellers, ruling that those parties were protected by the doctrine of *caveat emptor*. Those rulings are not before us in this appeal.

peal limited to the question whether the court erred in ruling that the claims against Heatilator, Acorn, and Nielson were time-barred.

■ The trial court observed, at the conclusion of the hearing on the pleas, that the record was insufficient to permit a finding of fact on the issue whether the Heatilator systems constituted "equipment or machinery" within the meaning of the last sentence of the statute of repose, Code § 8.01-250. That statute provides as follows:

> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.
>
> The limitation prescribed in this section shall not apply to the manufacturer or supplier of any equipment or machinery or other articles installed in a structure upon real property, nor to any person in actual possession and in control of the improvement as owner, tenant or otherwise at the time the defective or unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought; rather each such action shall be brought within the time next after such injury occurs as provided in §§ 8.01-243 and 8.01-246.

■ The last sentence, in substance, was added to the statutory predecessor of § 8.01-250 in 1973.[2] Acts 1973, c. 247. That provision was, therefore, in effect at all times pertinent to this case. In *Cape Henry* v. *Natl. Gypsum*, 229 Va. 596, 602, 331 S.E.2d 476, 480 (1985), we construed the last sentence of the statute to apply to manufacturers and suppliers of machinery and equipment, but not to those who furnish ordinary building materials. Therefore, if the Heatilator systems are deemed to be ordinary building materi-

---

[2] Minor revisions were made in the language when former Title 8 was recodified as Title 8.01 in 1977. Acts 1977, c. 617.

als, all rights of action against those who furnished their design or construction were extinguished in 1982, five years after the performance of the construction. This action, brought in 1987, would, in that event, be time-barred.

■ On the other hand, if the Heatilator systems are deemed to be machinery or equipment, the last sentence of § 8.01-250 applies. In that event, the statute of repose is inapplicable, rights of action accrued to the plaintiffs on October 12, 1986, the date of the fire, and the five-year statute of limitations prescribed by Code § 8.01-243(B), for actions for injury to property, governs the case. Upon that theory, the action would be timely. The factual determination whether the Heatilator systems are machinery or equipment, is therefore crucial.

■ The last sentence of § 8.01-250 exempts from the operation of the statute of repose only the "manufacturer" and "supplier" of machinery or equipment. The designer and the installer of such machinery or equipment are entitled to the protection of the first sentence of the statute. The trial court correctly perceived this distinction by ruling that regardless of how the Heatilator systems were to be categorized, those allegations of the motion for judgment charging the defendants with negligent design are barred by Code § 8.01-250. We add that Nielson, the installer, is entitled to the protection of the statute of repose for the same reason.

The question remains whether the plaintiffs' claims against Heatilator, as manufacturer, and Acorn, as supplier, are time-barred. The trial court took the view that it was immaterial whether the last sentence of § 8.01-250 applies, because all the plaintiffs' rights of action were barred by the five-year limitation of former Code § 8-24, however the Heatilator systems may be categorized. The court reasoned that the plaintiffs suffered some injury or damage when the defective installations were made, and, applying *Virginia Military Institute* v. *King*, 217 Va. 751, 232 S.E.2d 895 (1977), and *Housing Authority* v. *Laburnum Corp.*, 195 Va. 827, 80 S.E.2d 574 (1954), ruled that the plaintiffs' rights of action accrued and the statute of limitations began to run in 1977, at the latest.

■ We do not agree with that analysis. Former Code § 8-24 was a general statute of limitations which did not specify when the limitation period began to run. It provided merely that actions shall be brought within the prescribed number of years "next after the right to bring the same shall have accrued." *Id.* It remained

for the case law to determine when, in varying circumstances, such rights of action accrued. *See, e.g., First Va. Bank-Colonial* v. *Baker*, 225 Va. 72, 301 S.E.2d 8 (1983); *Locke* v. *Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900 (1981); *King, supra; Caudill* v. *Wise Rambler*, 210 Va. 11, 168 S.E.2d 257 (1969); *Hawks* v. *DeHart*, 206 Va. 810, 146 S.E.2d 187 (1966); *Laburnum Corp., supra.*

■ Where a general statute and a special statute concern the same subject matter and are in apparent conflict, the special statute supersedes the general statute. *Fonticello Co.* v. *Richmond*, 147 Va. 355, 359-60, 137 S.E. 458, 459 (1927). It is sometimes said that in those circumstances, the special act should be construed as an exception to the general law, to the extent of the conflict. *Id.; see also Kirkpatrick* v. *Bd. of Supervisors*, 146 Va. 113, 125, 136 S.E. 186, 190 (1926).

■ The last sentence of present Code § 8.01-250 was enacted while former Code § 8-24 was still in effect. The new enactment contained a specific provision for the commencement of the running of the statute of limitations: "such action shall be brought within the time next after such injury occurs." Code § 8.01-250. The term "such injury" refers to the preceding words: "at the time the defective or unsafe condition of such improvement constitutes the proximate cause of the injury or damage." *Id.* We conclude that this specific language constituted an exception to the general language of former Code § 8-24, and superseded § 8-24 in the limited circumstances to which the new language applied: actions against "the manufacturer or supplier of any equipment or machinery . . . installed in a structure upon real property." *Id.* Accordingly, if the Heatilator systems are machinery or equipment, the last sentence of Code § 8.01-250 applies, and former Code § 8-24 does not.

■ For that reason, the trial court erred in holding the plaintiffs' claims against Heatilator, as manufacturer, and Acorn, as supplier, time-barred without first making the dispositive factual determination whether the Heatilator systems were "machinery" or "equipment" within the meaning of Code § 8.01-250.

Because the court correctly sustained Nielson's plea in bar, we will affirm the judgment to the extent that defendant was dismissed. We will reverse the judgment in other respects and remand the case for further proceedings with regard to the plain-

tiffs' claims against the defendants Heatilator, as manufacturer, and Acorn, as supplier, consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*