PRESENT:  All the Justices

HOPE T. LUEBBERS, ADMINISTRATRIX
 OF THE ESTATE OF
 DENNIS GERARD LUEBBERS, DECEASED

                                          OPINION BY
v.  Record No. 971039          JUSTICE LAWRENCE L. KOONTZ, JR.
                                        February 27, 1998

FORT WAYNE PLASTICS, INC.,
 D/B/A FORT WAYNE POOLS, INC.,
 ET AL.


          FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    Oliver A. Pollard, Jr., Judge

     The issue we consider in this appeal is whether certain

items used in the construction of a swimming pool are ordinary

building materials rather than "equipment" within the meaning of

Code § 8.01-250, a statute of repose.

     The essential facts are not in dispute.  Fort Wayne

Plastics, Inc., doing business as Fort Wayne Pools, Inc. (Fort

Wayne), was a manufacturer of various structural component

materials for in-ground swimming pools.  These items included

steel panels, braces, and vinyl liners used in conjunction with

aluminum coping, for which Fort Wayne was a distributor, to form

the walls and bottoms of the pools.[1]

---

[1]In general terms, individual steel panels are bolted
together to produce the form for the walls in the desired
dimensions and perimeter shape of a particular pool.  Vinyl
liners of the same dimensions are shaped to form an inner lining
for this form.  The coping acts as a receptor on the top of the
steel pool walls into which the liner is snapped to create a
watertight structure.

Prestige Industries, Inc. (Prestige) was a distributor of swimming pool kits and related materials. Prestige purchased in bulk steel panels, braces, and vinyl liners from Fort Wayne and held them in its warehouse until it resold them as parts of pool kits to local swimming pool contractors or individuals. Prestige also ordered in bulk specification guides and installation manuals produced by Fort Wayne that described the proper use of its materials in the construction process. In addition, Prestige purchased other items to be used in the construction of swimming pools, such as fitters, pumps, diving boards, and pool slides, from other sources.

In mid-1985, Prestige received an order for the component materials necessary for the construction of a 16 ½ foot x 35 ½ foot "Grecian style" in-ground swimming pool from Crystal Pools of Petersburg,[2] a swimming pool retail and construction company. Prestige supplied materials, including the steel panels, braces, and a vinyl liner manufactured by Fort Wayne, that were ultimately incorporated into the swimming pool in question at a private residence. Prestige also provided Crystal Pools with a custom specification sheet that it had developed in order to

_____

[2]Crystal Pools of Petersburg is the trade name of the unincorporated business of Bea L. and Richard W. Fitzke. The Fitzkes also operate under the name of Fitzke & Sons. These defendants will be referred to collectively in this opinion as "Crystal Pools."

accommodate design modifications or requested changes by the homeowner. Although it contained specifications similar to those found in Fort Wayne's publications, this specification sheet was designed expressly for the construction of this pool. In addition to the materials manufactured by Fort Wayne, Crystal Pools purchased through Prestige the vermiculite material for the pool bottom, pumps, filters, hydrotherapy equipment, steps, and main drains necessary to construct the finished swimming pool in conformity with the specifications and requirements of the homeowner.

Thereafter, sometime in early 1986, Crystal Pools completed the construction of the swimming pool. On June 12, 1994, Dennis Gerard Luebbers was a guest at the home of Kathryn E. Hedrick where Crystal Pools had constructed this pool. On that day, Dennis Luebbers died as a result of an accident that occurred while he was swimming in her pool.[3]

On November 6, 1995, Hope T. Luebbers, administratrix of Dennis Luebbers' estate, filed suit against Fort Wayne, Prestige, Crystal Pools, and Hedrick. Relevant to this appeal, the suit charged that the liability of Fort Wayne and Crystal

---

[3]Hedrick was not the homeowner when the pool in question was constructed. However, she was the homeowner at the time of the death of Dennis Luebbers, and she is a party defendant in the underlying suit in this case. She is not a party to this appeal.

Pools arose from the negligent design, manufacture, and installation of the component parts incorporated into the finished swimming pool. Fort Wayne and Crystal Pools filed affirmative pleas in bar asserting that the five-year limitation provided by Code § 8.01-250 barred the plaintiff's cause of action. The trial court sustained the pleas and granted summary judgment for Fort Wayne and Crystal Pools, finding that the materials manufactured by Fort Wayne and used in the construction of the pool by Crystal Pools were not "equipment" within the meaning of Code § 8.01-250. We awarded plaintiff this appeal.[4]

In pertinent part, Code § 8.01-250 provides:

> No action to recover for . . . wrongful death, arising out of the defective and unsafe condition of an improvement to real property . . . shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such service and construction.

> The limitation prescribed in this section shall not apply to the manufacturer or supplier of any equipment or machinery or other articles installed in a structure upon real property . . .; rather each such action shall be brought within the time next after such injury occurs as provided in §§ 8.01-243 and 8.01-246.

There is no dispute that the swimming pool in question constitutes "an improvement to real property" contemplated by

_____

[4]Prestige is not a party to this appeal.

this statute.  Additionally, there is no dispute that plaintiff's suit was filed more than five years after the construction of this pool was completed.  Accordingly, the focus of our analysis is on the exclusion provided by the second paragraph of this statute.

We have previously addressed the application of Code § 8.01-250 in Cape Henry Towers, Inc. v. National Gypsum Co., 229 Va. 596, 331 S.E.2d 476 (1985).  There, we held that this statute applies to "those who furnish ordinary building materials, which are incorporated into construction work outside the control of their manufacturers or suppliers."  Id. at 602, 331 S.E.2d at 480.  With regard to the application of the exclusion provided by the second paragraph of the statute, we reasoned that equipment is distinguished from ordinary building materials on the ground that "[u]nlike ordinary building materials, . . . equipment [is] subject to close quality control at the factory and may be made subject to independent manufacturer's warranties, voidable if the equipment is not installed and used in strict compliance with the manufacturer's instructions."  Id.

In Cape Henry Towers, we held that exterior wall panels used in the construction of condominium units were ordinary building materials and not equipment within the meaning of Code § 8.01-250.  Id.  Following that case, we held in Grice v.

Hungerford Mechanical Corp., 236 Va. 305, 374 S.E.2d 17 (1988), that an electrical panel box and its component parts received from the manufacturer without instructions for their use and installation were ordinary building materials and not equipment within the meaning of this statute. Id. at 308-09, 374 S.E.2d at 18-19.

In the present case, plaintiff contends that the prefabricated structural component materials manufactured by Fort Wayne and installed by Crystal Pools to construct the finished swimming pool were not ordinary building materials, but, rather, were "equipment" within the meaning of Code § 8.01-250.[5] Plaintiff contends that this is so because these materials were subject to close quality control at Fort Wayne's factory and to post-manufacture control of their installation through the manufacturer's specifications and installation manuals. We disagree.

In the present case, the steel panels, braces, and vinyl liners manufactured by Fort Wayne are interchangeable in the swimming pool construction industry with component materials made by other manufacturers. Such materials are purchased by distributors in bulk to be used in the construction of swimming

---

[5]For purposes of this appeal, the term "equipment" encompasses the phrase "equipment or machinery or other articles" contained in § 8.01-250.

pools according to the dimensions and shapes desired by particular customers. Fort Wayne exercises no oversight over the construction of the pools. Fort Wayne merely warrants that its steel panels will be free from defects of workmanship and that its vinyl liners will be free from defective welding. Fort Wayne sells the specification guides and installation manuals as general guides for the construction of generic vinyl pools. Moreover, these manuals did not address the construction of a pool with the particular dimensions and shape of the one involved in the present case.

Here, as in Cape Henry Towers, the materials manufactured by Fort Wayne and incorporated into the finished swimming pool by Crystal Pools were clearly fungible components of that pool. Individually, these items served no function other than as generic materials to be included in the larger whole and are indistinguishable, in this context, from the wall panels we addressed in Cape Henry Towers. As such, these materials were ordinary building materials and not "equipment" within the meaning of Code § 8.01-250. Consequently, because these materials were manufactured and installed in an improvement to real property more than five years before the plaintiff filed

suit for Dennis Luebbers' death, these defendants are entitled to the protection of this statute.[6]

For these reasons, we will affirm the order of the trial court granting summary judgment for Fort Wayne and Crystal Pools.

<u>Affirmed</u>.

---

[6]Because we conclude that the materials in question were ordinary building materials and not equipment within the meaning of Code § 8.01-250, we need not address plaintiff's contention that the trial court further erred in finding that Crystal Pools was not a "supplier" of the materials. <u>See</u> <u>Eagles Court Condominium v. Heatilator, Inc.</u>, 239 Va. 325, 329, 389 S.E.2d 304, 306 (1990)(holding that even the installer of machinery or equipment is entitled to the protection of the first sentence of Code § 8.01-250).