UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JONATHAN RAY TAYLOR, an infant
who sues by his mother and next
friend, Karen Taylor; KAREN DENISE
TAYLOR; JOHN RICHARD TAYLOR,
          *Plaintiffs-Appellants,*

          v.

WAL-MART STORES, INCORPORATED;
CR/PL, L.L.C.; RICK VOGEL; VOGEL
PLUMBING AND HEATING,
          *Defendants-Appellees,*

          and

J. P. MILLER,
          *Defendant.*

No. 01-1508

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-99-68-2)

Submitted: December 18, 2001

Decided: January 14, 2002

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Timothy W. McAfee, MCAFEE LAW FIRM, P.C., Norton, Virginia, for Appellant. Paul C. Kuhnel, WOOTEN & HART, Roanoke, Virginia; Brian R. Jones, JONES & GLENN, P.L.C., Roanoke, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jonathan Ray Taylor and his parents, Karen Denise Taylor and John Richard Taylor, appeal the district court's orders granting summary judgment in favor of Rick Vogel d/b/a Vogel Plumbing & Heating (Vogel), CR/PL, L.L.C. (Crane), and Wal-Mart Stores, Inc. (Wal-Mart). Jonathan Taylor, a six-year old, sustained injuries when a lavatory in the men's restroom at the Wal-Mart store in Big Stone Gap, Virginia, dislocated from the wall.

The district court granted summary judgment in favor of Vogel, the plumbing contractor, and Crane, the manufacturer of the lavatory, finding the lawsuit was untimely under Virginia's five-year statute of repose for improvements to real property, Va. Code Ann. § 8.01-250 (Michie Supp. 2001), and denied Taylor's cross-motion for partial summary judgment against Crane. The district court further granted summary judgment in favor of Wal-Mart, finding Plaintiffs failed to show Wal-Mart had actual or constructive knowledge of a defect in the lavatory or its installation.

We affirm the orders granting summary judgment in favor of Vogel and Crane. We vacate the order granting summary judgment in favor of Wal-Mart and remand for further proceedings.

We review de novo the district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. *Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party discharges its burden by showing the absence of evidence to support the nonmoving party's case, the nonmoving party must come forward with specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

On appeal, Taylor claims the statute of repose does not protect Crane and Vogel, contending they are the manufacturer and suppliers of equipment, rather than the installer and designer of ordinary building materials incorporated into the design or construction of an improvement to realty. The undisputed facts establish the lavatory was installed by Vogel, using his discretion and component parts, and was affixed to the wall and connected to the plumbing system for the future benefit of the premises. In light of these facts, the district court did not err in determining the lavatory constituted an ordinary building material incorporated in an improvement to real property under the statute of repose, thereby shielding Vogel and Crane from suit. *See Wiggins v. Proctor & Schwartz, Inc.*, 330 F. Supp. 350 (E.D. Va. 1971); *Eagles Court Condo. Unit Owners Ass'n v. Heatilator, Inc.*, 389 S.E.2d 304, 305 (Va. 1990); *Grice v. Hungerford Mech. Corp.*, 374 S.E.2d 17, 19 (Va. 1988). Because Taylor did not present any evidence establishing the lavatory was installed after the 1991 remodeling, the district court did not err in finding no genuine issue of material fact existed as to when the lavatory was installed. Therefore, we affirm the district court's orders granting summary judgment in favor of Vogel and Crane.

However, we find the district court erred in granting summary judgment in favor of Wal-Mart. In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to

establish a prima facie case of negligence. *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 889 (Va. 1993). Because Taylor offered no evidence of Wal-Mart's actual knowledge of the defective lavatory, Taylor had to establish Wal-Mart's constructive knowledge of the defective condition. *Id.* at 889-90. To establish constructive knowledge, Taylor had to show the defect was noticeable and had existed for a sufficient length of time to charge Wal-Mart with notice. *Id.* at 890.

Based on the deposition testimony of Taylor's father, a plumbing consultant, and a mechanical engineer, we find material issues of fact exist as to whether the lavatory's defective condition was noticeable and whether the condition existed for a sufficient length of time to charge Wal-Mart with notice. Because there is a genuine issue of material fact as to whether, given the condition of the lavatory prior to the incident, Wal-Mart could have foreseen the risk of danger and should have exercised its duty to exercise reasonable care to remedy the danger, *see Memco Stores, Inc. v. Yeatman*, 348 S.E.2d 228, 231 (Va. 1986), summary judgment was inappropriate as to this claim. Accordingly, while we indicate no view of the ultimate merits, we vacate the district court's order granting summary judgment in favor of Wal-Mart and remand for further proceedings as to those claims. We affirm the district court's orders in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*