**RED WING MOTEL INVESTORS, Appellant,**

v.

**RED WING FIRE DEPARTMENT, Defendant.**

**GENERAL SPRINKLER CORPORATION, Defendant and Third–Party Plaintiff, Respondent,**

v.

**McCON COMPANY, Third–Party Defendant.**

No. CX–96–98.

Court of Appeals of Minnesota.

Aug. 20, 1996.

Review Denied Oct. 29, 1996.

Patrick H. Elliott, Dunn & Elliott, P.A., St. Paul, for Appellant.

Lance B. Nyberg, Bren, Nyberg & Thompson, St. Louis Park, for Respondent.

Considered and decided by WILLIS, P.J., and DAVIES and HARTEN, JJ.

## OPINION

DAVIES, Judge.

Motel appeals summary judgment dismissing its claims as time-barred under Minn. Stat. § 541.051, subd. 1(a) (1994). We affirm.

## FACTS

Respondent General Sprinkler Corporation designed a sprinkler system for the Red Wing Quiet House Best Western Motel (Motel).[1] It then bought parts and supplies and installed them. As a result of incorrectly pitched pipes, the sprinkler system drained improperly and a winter freeze led to extensive water damage.

Motel commenced suit against General Sprinkler nearly three years after the malfunction, alleging negligence, breach of warranties, and strict liability. The district court granted General Sprinkler's summary judgment motion and dismissed Motel's claims as time-barred under the two-year statute of limitations in Minn.Stat. § 541.051, subd. 1(a).

## ISSUE

Did the district court err in dismissing Motel's claims as time-barred under Minn. Stat. § 541.051, subd. 1(a)?

## ANALYSIS

■ On appeal from summary judgment, this court asks whether there are any issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

The two-year statute of limitations on improvements to real estate is subject to the following exception:

The limitations prescribed in this section do not apply to the manufacturer or supplier of any equipment or machinery installed upon real property.

Minn.Stat. § 541.051, subd. 1(d) (1994).

■ The question here is whether General Sprinkler is a "manufacturer or supplier of any equipment or machinery in-

stalled upon real property" under this exception. Motel, relying on dictionary definitions, contends that there is at least a genuine question of material fact whether General Sprinkler manufactured (i.e, assembled) or supplied (i.e., purchased component parts) equipment or machinery (i.e., the sprinkler system). We cannot accept this argument, for to do so would limit the reach of the statute of limitations so as to frustrate the legislature's intent, which is

to eliminate suits against architects, designers and contractors who have completed the work, turned the improvement to real property over to the owners, and no longer have any interest or control in it.

*Sartori v. Harnischfeger Corp.,* 432 N.W.2d 448, 454 (Minn.1988). Motel's statutory construction would effectively deny the protection of the statute to a contractor who simply added to a building basic building materials manufactured by another.

■ We hold, instead, that the legislature meant to distinguish building materials—"which are incorporated into construction work outside the control of their manufacturers or suppliers, at the direction of architects, designers, and contractors"—from machinery and equipment—which "are subject to close quality control at the factory and may be made subject to independent manufacturer's warranties." *Cape Henry Towers, Inc. v. National Gypsum Co.,* 229 Va. 596, 331 S.E.2d 476, 480 (1985).[2] Under this *Cape Henry* distinction, General Sprinkler plainly provided Motel with ordinary building materials (pipes and sprinkler heads), not machinery or equipment. Thus, the exception to the two-year statute of limitations in Minn.Stat. § 541.051, subd. 1(d), does not apply to General Sprinkler. (Had the sprinkler heads themselves failed, their

1. Appellant Red Wing Motel Investors owns Motel.

2. When a Minnesota statute is modeled after another state's statute (here, subdivision 1(d) is modeled after a similar Virginia statute), we accord weight to the other state's interpretation of the borrowed provision. Minn.Stat. § 645.22

(1994); *Larson v. Babcock & Wilcox,* 525 N.W.2d 589, 591 (Minn.App.1994). Because we are the first appellate court in this state to confront this precise issue regarding subdivision 1(d) of Minn. Stat. § 541.051, we adopt the Virginia Supreme Court's approach to that state's equivalent provision.

manufacturer might, however, fall within the subdivision 1(d) exception.)

## DECISION

The district court properly dismissed Motel's claims as time-barred under the two-year statute of limitations in Minn.Stat. § 541.051, subd. 1(a).

**Affirmed.**