**TWINCO ROMAX AUTOMOTIVE WAREHOUSE, INC.,**
**Appellant,**

v.

**OLSON GENERAL CONTRACTORS, INC., Five Star Welding and Fabricating, Inc., Lucas Corporation, Nucor Corporation, Respondent.**

No. C2–01–1763.

Court of Appeals of Minnesota.

May 7, 2002.

Paul V. Esposito, pro hac vice, Clausen Miller, P.C., Chicago, IL; and Ted E. Sullivan, William L. Davidson, Lind, Jensen, Sullivan, Peterson, P.A., Minneapolis, for appellant.

John M. Anderson, Matthew J. Franken, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondent Olson General Contractors, Inc.

Peter J. Manderfeld, Joseph M. Goldberg, Sandra J. Grove, Joseph Goldberg & Associates, St. Louis Park, for respondent Five Star Welding and Fabricating, Inc.

William M. Beadie, Moore, Costello & Hart, P.L.L.P., Minneapolis, for respondent Lucas Corp.

Dean B. Thomson, Jocelyn L. Knoll, Fabyanske, Westra & Hart, P.A., Minneapolis, for respondent Nucor Corp.

Considered and decided by SCHUMACHER, Presiding Judge, HANSON, Judge, and PORITSKY, Judge.

## OPINION

PORITSKY, Judge.*

Appellant brought this action, alleging that roof joists designed, supplied, and/or installed by respondents were defective. Respondents moved for dismissal and summary judgment, arguing that appellant's suit was subject to the two-year statute of limitations for suits involving defects in improvements to real property. The district court agreed and dismissed appellant's claim. On appeal, appellant contends that its claim is subject to an exception to the two-year limitations statute because the allegedly defective roof joists qualify as "equipment or machinery."

## FACTS

Twinco Romax Automotive Warehouse, Inc. (Twinco) is a distributor of ancillary automotive parts. Through its real estate development corporate affiliate, Twinco contracted with Olson General Contractors, Inc. (Olson) to build a warehouse.

Olson prepared the initial architectural and engineering design drawings, and then, acting as general contractor, subcontracted with Five Star Welding and Fabricating, Inc. (Five Star) to provide a roof structure. Five Star subcontracted with Lucas Corporation (Lucas) for the preparation of shop-trace drawings (i.e., structural steel details on Olson's drawings) and the bill listing of structural steel and other materials to be incorporated into the pro-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

ject. Five Star also contracted with the Vulcraft division of Nucor Corporation (Nucor) to design, engineer, and manufacture the joists.

A major failure occurred at some point in the design process. In order to accommodate future expansion of the warehouse, the roof structure required custom joists. But the design documents only showed a standard joist with an extended end. Olson approved the defective design, the incorrect joists were built and supplied, and the warehouse was built using the inadequate Vulcraft joists.

On January 4, 1997, following a snowstorm, the roof of the Twinco warehouse collapsed. The cause of the collapse was determined to be defective roof joists. Twinco's warehouse and its contents sustained extensive damage.

On January 3, 2001, Twinco filed and served a multi-count complaint against Olson, Five Star, Lucas, and Nucor alleging breach of contract, negligence, breach of express warranty, and strict liability against all or some of the defendants. Respondents, through motions to dismiss and for summary judgment, asserted that the action was time-barred under Minn.Stat. § 541.051 (2000), which is the two-year statute of limitations for defects in improvements to real property.

Twinco responded by arguing that the joists were "equipment or machinery." Therefore, Twinco contended, its claims were exempt from the two-year statute of limitations found in section 541.051, and were instead subject to the general six-and four-year statutes of limitation contained in Minn.Stat. § 541.05 (2000), with regard to their claims of breach of contract, breach of express warranty, negligence, and strict liability.

On August 13, 2001, the district court concluded that the roof joists were ordi-

nary building materials, and not equipment or machinery under Minn.Stat. § 541.051, subd. (1)(d), and, treating defendants' motions as a single motion for summary judgment, dismissed the case by applying the two-year statute of limitations for defects in improvements to real property to all of the claims. This appeal followed.

## ISSUE

Are roof joists that are specially designed for a particular structure "equipment or machinery" within the meaning of Minn.Stat. § 541.051, subd. 1(d) (2000)?

## ANALYSIS

The district court granted summary judgment by concluding that "joists are ordinary building materials and not equipment or machinery," rendering Twinco's claims time-barred. On an appeal from summary judgment, we ask whether there are any genuine issues of material fact and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

Minnesota's general statute of limitations provides for a six-year limitation for actions upon express or implied contract, statutory liabilities, trespass, and injury to personal property, and a four-year limit for strict liability. Minn.Stat. § 541.05 (2000). However, Minn.Stat. § 541.051, subd. 1 provides:

(a) Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, * * * arising out of the defective and unsafe condition of an improvement to real property, * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the im-

provement to real property or against the owner of the real property more than two years after discovery of the injury * * *.

* * * *

(d) The limitations prescribed in this section do not apply to the manufacturer or supplier of any *equipment or machinery* installed upon real property.

(Emphasis added.)

■ Twinco does not argue that its claims do not arise out of a defective and unsafe condition of an improvement to real property. Rather, it argues that the joists are equipment or machinery and therefore the exception contained in subdivision 1(d) applies, removing its claims from the purview of the two-year statute of limitations. Thus, the issue is whether the joists at issues are "equipment or machinery." This issue is a matter of statutory construction, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998). Summary judgment is appropriate if the respondents establish that they were not manufacturers or suppliers of ·equipment

or machinery installed on the real property.

■ Minn.Stat. § 541.051, subd. 1(d), is modeled after a similar Virginia statute. *Red Wing Motel Investors v. Red Wing Fire Dep't,* 552 N.W.2d 295, 297 n. 2 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). In general, while Minnesota may accord weight to decisions interpreting the Virginia statute, *see id.,* they are not binding precedent on Minnesota courts. Because some of the cases construing the Virginia statute are not entirely consistent with each other, we find those cases to have limited persuasive value.[1] If, however, a Minnesota court in a particular case chooses to follow a Virginia case, as this court did in *Red Wing Motel,* then the Virginia case has the same precedential value of the Minnesota case that adopted it.

In *Red Wing Motel,* this court noted that the purpose of section 541.051, subdivision 1, is

to eliminate suits against architects, designers and contractors who have completed the work, turned the improvement to real property over to the

1. Compare *Grice v. Hungerford Mech. Corp.,* 236 Va. 305, 374 S.E.2d 17, 19 (1988) (finding electrical panel box and component parts to be ordinary building materials because quality and quantity of component parts of electrical panel boxes and instructions for assembling, wiring, grounding, and installing them during construction of a particular building were "determined by the plans and specifications provided by the architect or other design professional" and no instructions were received from manufacturer), *with Cooper Indus. v. Melendez,* 260 Va. 578, 537 S.E.2d 580, 590 (2000) (concluding that even though switchers and circuit breakers used to convey electricity to docked submarines were functional equivalent to electrical panel box, albeit enormous, they were nevertheless "equipment or machinery" because they were (1) not essential to existence of structure on which they were attached, (2) self contained

and fully assembled by their respective manufacturers, and (3) not fungible or generic), and *City of Richmond, Va. v. Madison Mgmt. Group, Inc.,* 918 F.2d 438, 445 (4th Cir.1990) (relatively sophisticated discrete materials such as the steel-reinforced concrete pipe used in water transmission main are "equipment and machinery" because materials at issue were "subject to close quality control at the factory," and the pipes' integration into the overall project was not "outside the control" of manufacturer because manufacturer, general contractor, and city engineers collaborated in designing the main), *with Luebbers v. Fort Wayne Plastics, Inc.,* 255 Va. 368, 498 S.E.2d 911, 913 (Va.1998) (swimming pool components were ordinary building materials because they were fungible and manufacturer of parts exercised no oversight over construction of pools).

owners, and no longer have any interest or control in it.

552 N.W.2d at 297 (quoting *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 454 (Minn.1988)). This court proceeded to adopt the Virginia Supreme Court's reasoning in *Cape Henry Towers, Inc. v. National Gypsum Co.*, 229 Va. 596, 331 S.E.2d 476 (1985). There the Virginia court distinguished ordinary building materials from equipment or machinery by explaining that ordinary building materials are "incorporated into construction work outside the control of their manufacturers or suppliers, at the direction of architects, designers, and contractors;" while equipment and machinery "are subject to close quality control at the factory and may be made subject to independent manufacturer's warranties." *Red Wing Motel*, 552 N.W.2d at 297 (quoting *Cape Henry Towers*, 331 S.E.2d at 480).

There may be certain items, such as the sprinkler system in *Red Wing Motel*, that fall into a gray area between building materials and equipment or machinery, and may require further analysis to determine in which category they belong.[2] However, at a minimum, ordinary building materials are those items that are essential to the existence of the building. Thus the definition of ordinary building materials includes foundations, floors, windows, doors, roofs, and materials necessary to supporting roofs, such as joists. That is, those items that are "incorporated into construction work outside the control of their manufacturers or suppliers, at the direction of architects, designers, and contractors." *Id.* (quotation omitted). We

therefore conclude that the joists in question are building materials and are subject to the two-year statute of limitations.

## DECISION

Because the joists installed to support the roof of the Twinco facility were ordinary building materials and not "equipment or machinery" within the meaning of Minn.Stat. § 541.051, subd. 1(d) (2000), the district court did not err in determining that Twinco's claims were time-barred.

**Affirmed.**

---

**2.** In *Red Wing Motel,* this court determined that damage resulting from faults in the installation of a sprinkler system was not recoverable from the designer/installer more than two years after the damage occurred because the pipes and sprinkler heads provided by the designer/installer were ordinary building ma-

terials and not machinery or equipment. 552 N.W.2d at 297. In dictum, this court noted that, "[h]ad the sprinkler heads themselves failed, their manufacturer might, however, fall within the * * * exception." *Id.* at 297–98.