**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1675**

Will & Appt of the Estate of: William C. Mackey, Dec'd.

**Filed April 29, 2024
Reversed and remanded
Connolly, Judge**

Washington County District Court
File No. 82-P2-03-006722

Michael Kemp, Aaron Ferguson Law, Roseville, Minnesota; and

Paul D. Funke, Funke Law Office, St. Paul, Minnesota (for appellants Thomas Mackey and Catherine Arndt)

Thomas R. Haugrud, Martin & Squires, P.A., St. Paul, Minnesota (for appellant First Fiduciary Corporation)

John Barragry, Barragry Law LLC, North Oaks, Minnesota (for respondent M. Denise Mackey-Loya)

Considered and decided by Connolly, Presiding Judge; Segal, Chief Judge; and Reilly, Judge[*]

**SYLLABUS**

I.     A personal representative may be removed for cause under Minn. Stat. § 524.3-611 (2022), but such removal does not discharge the personal representative from liability for transactions or omissions occurring before removal.

II.     Unless a claim against a personal representative for breach of fiduciary duty has previously been barred by adjudication, or excepted as provided in the closing

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

statement, the statute of limitations for such claims, as set forth in Minnesota Statutes section 524.3-1005 (2022), is six months after the filing of the closing statement.

## OPINION

**CONNOLLY**, Judge

In this probate dispute, appellants argue that the district court erred in determining that their petition was time-barred under Minn. Stat. § 541.05, subd. 1(1) (2022), because the applicable statute of limitations is Minn. Stat. § 524.3-1005, and their petition was timely under that statute. Because we agree, we reverse and remand.

## FACTS

William C. Mackey (decedent) passed away in July 2003. Pursuant to his will, the decedent left his estate in equal shares to his six children, all of whom survived him. The decedent's six children include William J. Mackey, respondent M. Denise Mackey-Loya, and appellants Catherine A. Arndt and Thomas P. Mackey.[1]

In October 2003, respondent filed an application for informal probate of will and for informal appointment of personal representative. Consistent with the terms of the decedent's will, respondent was appointed personal representative of the decedent's estate. But in March 2006, a petition for formal proceeding to compel accounting was signed by Catherine and Thomas and filed with the district court. The petition invoked the district court's jurisdiction and converted the proceeding to a formal unsupervised estate.

---

[1] Apart from respondent, the decedent's children will be referred to by first name for ease of reference.

On May 30, 2006, an order to compel accounting was filed requiring respondent to file an inventory of assets and to complete a detailed accounting from the date of her appointment to the date of the accounting. Respondent then filed an interim account on September 22, 2006, which covered her administration of the estate from her appointment in November 2003, through September 2006.

In January 2014, a petition was filed by Catherine and Thomas to compel accounting and remove respondent as personal representative. Following a hearing, the district court found cause for removing respondent as personal representative based on her failure to (1) "communicate with beneficiaries"; (2) "timely pay taxes and utilities for real property held by the estate"; (3) "make payments on [a] mortgage taken out on real property of the estate resulting in foreclosure"; (4) "render estate assets productive"; (5) "file necessary income tax returns for the estate"; and (6) "close the estate and distribute the property in a timely manner." The district court also ordered respondent to "prepare, serve and file a complete and detailed accounting from the date of her appointment to the date assets are to be turned over to the Successor Personal Representative." Finally, the district court appointed William as the successor personal representative of the estate.

In April 2014, respondent filed a final accounting as directed. All interested parties were properly served with copies of the final accounting and respondent took no action on behalf of the estate after her submission of the final accounting. Respondent also never filed a closing statement. Respondent, however, was not, and still has not been, discharged as personal representative.

3

Seven years later, in April 2021, William was removed as personal representative because he "no longer ha[d] the capacity to perform his duties as personal representative." At the same time, appellant First Fiduciary Corporation (FFC)[2] was appointed as the second successor personal representative of the estate. FFC subsequently filed a petition to hear and examine respondent's 2006 interim account and 2014 final account, to determine liability between respondent and the estate, and to surcharge her to the extent of her liability. The petition also sought to "[d]etermine the liability if any between the Estate and William . . . and surcharge [him] to the extent of his liability." FFC later filed a detailed objection to respondent's accounting, which was joined by Catherine and Thomas.

Respondent moved to dismiss FFC's petition and objections on the ground that they were "time-barred by the statute of limitations or alternatively, should be dismissed pursuant to the equitable doctrine of laches."[3] Following a hearing, the district court filed an order on August 29, 2023, rejecting appellants' argument that the applicable statute of limitations is Minn. Stat. § 524.3-1005, because that statute "addresses the rights of 'successors' and 'creditors,' not second successor personal representatives like FFC." Instead, the district court determined that the six-year statute of limitations contained in Minn. Stat. § 541.05, subd. 1(1) was applicable to appellants' petition. The district court then determined that FFC's petition is time-barred by the applicable six-year statute of limitations because the district court's 2014 order removing respondent as personal

---

[2] Catherine, Thomas, and FFC will collectively be referred to as "appellants."
[3] The portion of FFC's petition relating to the administration of the estate by William as first successor personal representative was resolved through mediation.

4

representative "noted [the] breaches of [respondent's] fiduciary duties and put interested parties on notice that the statute of limitations for breach-of-duty claim had begun." The district court, therefore, granted respondent's motion to dismiss without discussing appellants' argument related to the equitable doctrine of laches.

Catherine and Thomas filed a notice of appeal and FFC later filed a notice of related appeal. By order dated December 5, 2023, this court designated Catherine, Thomas, and FFC as appellants.

## ISSUES

I.      Is this appeal properly before this court?

II.      Did the district court err in dismissing appellants' petition as time-barred under the statute of limitations in Minn. Stat. § 541.05, subd. 1(1)?

## ANALYSIS

## I. This appeal is properly before this court.

Respondent argues first that this appeal is untimely, or in the alternative, premature. We disagree. Under the rules of appellate procedure, "[a]n appeal may be taken to the Court of Appeals . . . from such other orders or decisions as may be appealable by statute." Minn. R. Civ. App. P. 103.03(j). The appeals of probate proceedings are governed by Minnesota Statutes section 525.71 (2022), and subpart (a) of that section contains a list of 17 specifically appealable orders. *In re Est. of Figliuzzi*, 979 N.W.2d 225, 230 (Minn. 2022). One of these appealable orders is "an order permitting, or refusing to permit, the filing of a claim, or allowing or disallowing a claim or counterclaim, in whole or in part, when the amount in controversy exceeds $100." Minn. Stat. § 525.71(a)(5). And an appeal

5

may be taken from "an order allowing, or refusing to allow, an account of a representative or any part of it when the amount in controversy exceeds $100." Minn. Stat. § 525.71(a)(9). The district court's August 29, 2023, order falls within these two appeal provisions. Because the August 29, 2023, order is independently appealable under Minn. Stat. § 575.71(a)(5), (9), this appeal is not premature.

This appeal is also timely. Minn. Stat. § 525.712 (2022) provides that, if a party has served written notice of filing of an order, an appeal may be taken pursuant to the rules of civil appellate procedure. If a party has not served written notice of filing of the order, an appeal may be taken within six months after filing of the order. Minn. Stat. § 525.712. The rules of appellate procedure provide that an appeal may be taken from an appealable order within 60 days after service by any party of written notice of the filing of the order. Minn. R. Civ. App. P. 104.01. Because no party has served written notice of the district court's order, the six-month deadline in section 525.712 applies here instead of the 60-day deadline in rule 104.01. The record reflects that this appeal was timely filed within six months after the district court's August 29, 2023 order. Therefore, this appeal is properly before us.

## II.    The district court erred in dismissing appellants' petition as time-barred.

Appellants challenge the district court's decision to dismiss their petition as time-barred under Minn. Stat. § 541.05, subd. 1(1). We review de novo "the construction and application of a statute of limitations." *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013) (quotation omitted). We also apply a de novo standard of review to issues involving

6

statutory interpretation. *White Bear Lake Restoration Ass'n ex rel. State v. Minn. Dep't of Nat. Res.*, 946 N.W.2d 373, 379 (Minn. 2020).

"A personal representative is a fiduciary who . . . is under a duty to settle and distribute the estate of the decedent in accordance with the terms of any probated and effective will and applicable law, and as expeditiously and efficiently as is consistent with the best interests of the estate."  Minn. Stat. § 524.3-703(a) (2022).  "If the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damages or loss resulting from breach of fiduciary duty to the same extent as a trustee of an express trust."  Minn. Stat. § 524.3-712 (2022); *In re Estate of Neuman*, 819 N.W.2d 211, 216 (Minn. App. 2012).  A personal representative may also be removed for cause at any time.  Minn. Stat. § 524.3-611.  But, although the removal of a personal representative terminates the representative's authority to represent the estate in pending or future proceedings, it does not discharge the personal representative from liability for transactions occurring before termination.  Minn. Stat. § 524.3-608 (2022).

"Issues of liability as between the estate and the personal representative individually may be determined in a proceeding for accounting, surcharge or indemnification or other appropriate proceeding."  Minn. Stat. § 524.3-808(d) (2022).  Here, pursuant to section 524.3-808, FFC filed a petition, which Catherine and Thomas joined, to determine respondent's liability and to surcharge her to the extent of her liability.  The district court dismissed the petition as time-barred under the statute of limitations contained in section 541.05, subdivision 1(1).  That statute provides that: "[e]xcept where the Uniform Commercial Code otherwise prescribes, the following actions shall be commenced within

six years: (1) upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed." Minn. Stat. § 541.05, subd. 1(1).

Appellants argue that the district court erred in dismissing the petition as time-barred because section 541.05 is not the applicable statute of limitations. Instead, they argue that the applicable statute of limitations is found in Minn. Stat. § 524.3-1005 (2022). They argue further that, because the statute of limitations contained in section 524.3-1005 has not yet begun to run, the petition is not time-barred.[4] We agree.

This court has referred to section 541.05, as the "general statute of limitations." *Twinco Romax Auto. Warehouse, Inc. v. Olson Gen. Contractors, Inc.*, 643 N.W.2d 338, 340 (Minn. App. 2002), *rev. denied* (Minn. July 16, 2002). By its plain language, that general statute of limitations applies only to actions upon a contract or other obligation when "*no other limitation is expressly prescribed*." Minn. Stat. § 541.05, subd. 1(1) (emphasis added). Therefore, our first step is to determine whether another statute of limitations is applicable. *See Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 831 (Minn. 2011) (stating that, when reviewing the construction and application of a statute of limitations, the first step is to "determine which statute of limitations applies to the claims asserted").

---

[4] In its main brief, FFC argued first that its petition "is part of the on-going administration of the estate and is not subject to any statute of limitations or other bar date." But this argument is being raised for the first time on appeal. We generally do not consider issues that were not presented to or decided by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). As such, FFC's argument is not properly before us. Moreover, as explained below, we conclude that the statute of limitations prescribed in section 524.3-1005 is applicable in this case, and that the petition was timely filed under that statute.

8

The petition in this case asserts that respondent breached her fiduciary duty as personal representative of the estate. Based on their petition, appellants contend that the applicable statute of limitations is contained in section 524.3-1005. That statute provides:

> Unless previously barred by adjudication and except as provided in the closing statement, the rights of successors and of creditors whose claims have not otherwise been barred against the personal representative for breach of fiduciary duty are barred unless a proceeding to assert the same is commenced *within six months after the filing of the closing statement*. The rights thus barred do not include rights to recover from a personal representative for fraud, misrepresentation, or inadequate disclosure related to the settlement of the decedent's estate.

Minn. Stat. § 524.3-1005 (emphasis added).

Respondent argues, and the district court agreed, that section 524.3-1005 is not applicable because the statute "addresses the rights of 'successors' and 'creditors,' not second successor personal representatives like FFC." We agree that neither FFC nor Catherine nor Thomas are creditors. But Catherine and Thomas are successors because they are entitled to property of the decedent under his will. *See* Minn. Stat. § 524.1-201(55) (Supp. 2023) (defining "successors" as "those persons, other than creditors, who are entitled to property of a decedent under the decedent's will").

Moreover, although FFC is not a successor because it is not entitled to property of the decedent, the applicability of section 524.3-1005 is not dependent on whether FFC is a successor. Rather, section 524.3-1005 applies to proceedings related to the "rights of successors" against the personal representative for breach of fiduciary duty. *See* Minn. Stat. § 524.3-1005. In other words, as FFC points out, the district court improperly focused

9

on the word "successors" instead of the phrase "rights of successors." FFC, as second successor personal representative, is the personal representative of the estate, and FFC is a fiduciary acting for the best interests of the successors of the estate. *See* Uniform Probate Code § 3-703(a) (stating that a "personal representative is a fiduciary" required to act in the best interests of the successors to the estate). As the personal representative, FFC was "asserting on behalf of the estate and all successors the 'rights of successors.'" Because the petition was asserting the "rights of successors," section 524.3-1005 is applicable to the petition.

Respondent also argues that section 524.3-1005 is not applicable because the plain language of the statute "contemplates that there can be a barring of claims for breaches of fiduciary duty" under a different statute. Specifically, respondent refers to the following language from Minn. Stat. § 524.3-1005: "the rights of successors and of creditors *whose claims have not otherwise been barred against the personal representative for breach of fiduciary duty*." (Emphasis added.) She contends that this language refers to claims barred under Minn. Stat. § 541.05, subd. 1(1), and that, because appellants' claims are barred under that statute, Minn. Stat. § 524.3-1005 is not applicable.

We are not persuaded. Respondent's argument violates the canon of statutory construction that the more specific statute controls. *See* Minn. Stat. § 645.26, subd. 1 (2022) (providing that a more specific statutory provision controls over a general provision); *see also Connexus Energy v. Comm'r of Revenue*, 868 N.W.2d 234, 242-43 (Minn. 2015) (applying the canon that, when a conflict exists between two statutory provisions, specific provisions in a statute control over general provisions to hold that

statutory limitations period for erroneous refunds applied, rather than more general statutory limitations period). As addressed above, the more general statute here is Minn. Stat. § 541.05, subd. 1(1), and it provides that the six-year statute-of-limitations period applies unless "*no other limitation is expressly prescribed.*" (Emphasis added.) The limitation period for claims against a personal representative for breach of fiduciary duty is expressly provided in Minn. Stat. § 524.3-1005, making it the more specific statute. Because section 524.3-1005 is the more specific statute of limitations, it applies to appellants' petition.

Under section 524.3-1005, the statute of limitations for proceedings against a personal representative for breach of fiduciary duty is six months after filing of the closing statement. Minn. Stat. § 524.3-1005; *May v. First Nat'l Bank of Grand Forks*, 427 N.W.2d 285, 289 (Minn. App. 1988), *rev. denied* (Minn. Oct. 26, 1988). Here, the parties do not dispute that no closing statement has been filed in this matter. Nor do the parties dispute that there has been no prior adjudication of appellants' claims in this matter. *See* Minn. Stat. § 524.3-1005 (acknowledging that claims against a personal representative for breach of fiduciary duty are barred if they were "previously barred by adjudication"). Therefore, appellants' petition is not time-barred by the applicable statute of limitations.[5]

---

[5] FFC also "seeks in the interest of justice an Order from this Court determining that its Petition is not barred by the equitable doctrine of laches." Because this issue was never decided by the district court, it is not properly before us, and we decline to address it. *See Thiele*, 425 N.W.2d at 582; *see Brodsky v. Brodsky*, 733 N.W.2d 471, 480 (Minn. App. 2007) (declining to address laches argument where it was not properly before the court).

**DECISION**

Appellants' petition, which seeks to enforce the rights of successors for the personal representative's alleged breach of fiduciary duty, is not time-barred under the applicable statute of limitations set forth in Minn. Stat. § 524.3-1005, because the petition was filed before the filing of the closing statement, and the claims were not previously barred by adjudication. Accordingly, we reverse and remand for proceedings consistent with this opinion.

**Reversed and remanded.**