ILLINOIS FARMERS INSURANCE COMPANY, Appellant,

v.

David A. EULL, Defendant,

Brett D. Scheibel, et al., Defendants,

BG2 Pizza, Inc., Respondent,

and

Brett D. Scheibel, et al., Third–Party Plaintiffs,

v.

Progressive Casualty Insurance Company, Third–Party Defendant.

No. C3–99–54.

Court of Appeals of Minnesota.

June 15, 1999.

Eric J. Magnuson, Stephen O. Plunkett, Rider, Bennett, Egan & Arundel, L.L.P., Minneapolis, MN (for appellant)

James F. Mewborn, Brian D. Klingberg, Theodore J. Smetak, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN (for respondent).

Considered and decided by RANDALL, Presiding Judge, DAVIES, Judge, and SCHULTZ, Judge.*

## OPINION

DAVIES, Judge.

Appellant insurer challenges the entry of summary judgment against it, arguing that: (1) the term "primary duty" in its automobile insurance policy is not ambiguous; and (2) it does not violate public policy to exclude from insurance coverage the use of a private automobile to deliver pizzas. Agreeing with appellant, we reverse summary judgment and remand for further proceedings.

## FACTS

Daniel Scheibel purchased insurance from appellant Illinois Farmers Insurance Company to cover his private passenger car. In the section regarding liability coverage, the policy contained a "business use exclusion" that excluded liability coverage for the car:

1. While used in employment by any person whose primary duties are the delivery of products or services.

After coverage began, Scheibel's teenage son, Brett Scheibel, secured a parttime job as a pizza delivery driver for respondent BG2 Pizza, Inc., d/b/a Domi-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

no's Pizza. He worked at this job approximately 25–30 hours per week and spent about 75% of his work time delivering pizzas, with the balance of his time spent answering telephones, folding pizza boxes, and mopping floors. With Scheibel's permission, Brett used the insured car to deliver pizzas. This use was not disclosed to appellant insurer.

While using the car to deliver pizzas, Brett collided with David Eull. Scheibel filed a claim for liability insurance coverage. Appellant denied the claim, asserting that Brett's primary employment duty was delivering products, putting Brett's use of the car within the business-use exclusion.

Appellant initiated a declaratory judgment action against Eull, the Scheibels, and BG2 Pizza. Appellant moved for summary judgment, but the motion was denied because the district court found the business-use exclusion ambiguous and against public policy. The Scheibels and BG2 Pizza moved for summary judgment, which was granted. This appeal followed.

## ISSUES

I. Is the business-use exclusion ambiguous or subject to modification under the doctrine of reasonable expectations?

II. Is the business-use exclusion in this insurance policy void as against the public policies established by the Minnesota No-Fault Automobile Insurance Act, Minn. Stat. § 65B.41–.71 (1998)?

## ANALYSIS

In reviewing summary judgment, we must consider whether there are genuine issues of material fact and whether the prevailing party was entitled to judgment as a matter of law, viewing the evidence in the light most favorable to the nonprevailing party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

### I.

■ Determining whether an insurance policy provision is ambiguous is a question of law reviewed de novo. *Progressive Cas. Ins. Co. v. Metcalf*, 501 N.W.2d 690, 691–92 (Minn.App.1993). A term is ambiguous if it is reasonably subject to more than one definition or interpretation or if it creates an irreconcilable conflict of provisions within the policy. *O'Shaughnessy v. Smuckler Corp.*, 543 N.W.2d 99, 101 (Minn.App.1996), *review denied* (Minn. Mar. 28, 1996).

■ Respondent argues that the term "primary duties" in the business-use exclusion is ambiguous. But, by any reasonable definition of "primary duties," delivering pizzas was Brett's primary duty as respondent's employee. The record indicates that Brett considered pizza delivery a primary duty of his job, his job title indicates that he was a delivery person, and he spent about 75% of his work time delivering pizzas.

■ Respondent encourages us to apply the reasonable expectations doctrine, arguing that the business-use exclusion is contrary to the Scheibels' reasonable expectations. Courts may interpret an insurance policy according to the insured party's reasonable expectations, even though the language of the policy would have "proscribed coverage" and negated those expectations. *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 278 (Minn.1985). Because the facts are not in dispute, whether the Scheibels had an objectively reasonable expectation of coverage is a question of law. *Sicoli v. State Farm Mut. Auto. Ins. Co.*, 464 N.W.2d 300, 303 (Minn.App.1990).

■ The record indicates that Brett Scheibel used the car when delivering pizzas and that he worked about 25–30 hours a week. The use of a car for commercial activities such as pizza delivery increases the risk of an accident beyond that usually anticipated in the private use of a passenger car. This use of the car was more than incidental, and it is beyond the reasonable expectations of private vehicle pol-

icyholders to expect coverage for such commercial use.

## II.

Although the insurance policy clearly excludes from coverage Brett's use of the car for delivering pizzas, respondent argues that the exclusion should not be enforced because it violates the public policies embodied in the state no-fault act. *See Northern Pac. Ry. Co. v. Thornton Bros. Co.*, 206 Minn. 193, 196, 288 N.W. 226, 227 (1939) (contract void if it violates public policy).

But the Minnesota No–Fault Automobile Insurance Act "leaves unaltered the basic framework of the law of liability insurance." *Hilden v. Iowa Nat'l Mut. Ins. Co.*, 365 N.W.2d 765, 769 (Minn. 1985). The law requires insurers to provide liability coverage, but "nothing in the No–Fault Act * * * prohibits insurance companies from including some restrictions on liability coverage in their contracts." *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 251 (Minn.1998). Appellant's business-use exclusion is such a permissible restriction.

Respondent argues that the effect of the exclusion "is to remove coverage completely for the owner of the vehicle." But the exclusion applies only to Scheibel's liability coverage, which is paid to a third party, not to his first-party benefits (those paid to the insured party). *Id.* at 250. Here,

appellant provided liability coverage as required by law, and the exclusion at issue here is not so broad as to practically foreclose that coverage. Under current law, appellant's business-use exclusion does not violate public policy.

If there is to be any change in the law, it will have to come from the legislature or the supreme court. *See Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn.App.1987) ("[T]he task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court."), *review denied* (Minn. Dec. 18, 1987).

## DECISION

Every reasonable definition of the term "primary duties" in this automobile insurance policy would exclude coverage in this circumstance. The Scheibels cannot reasonably expect this personal passenger car policy to cover Brett's more-than-incidental commercial use of the car. Enforcement of this exclusion does not violate public policy. Because respondent was not entitled to judgment as a matter of law, summary judgment was inappropriate.

**Reversed and remanded.**